IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lorri L. Briggs; Lisa DeHaven; Carrie Johnson; Ellen Rydbom; Eric Tetuan and Michele Vorberger f/k/a Michele Cunningham on behalf of themselves and all others in the State of Pennsylvania similarly situated,<br><br>        Plaintiffs,<br>    vs.<br><br>Subaru of America Inc.<br>        Defendants. | Case No.:<br><br>CIVIL ACTION<br><br>CLASS ACTION COMPLAINT AND JURY DEMAND |

## INTRODUCTION

The Plaintiffs through the undersigned counsel, file this class action complaint and sue Defendant Subaru of America Inc. (Hereinafter "Subaru" or Defendant) for Fraud and violations of the unfair trade practices and consumer protection law 73 P.S. 201-1 et seq..

## JURISDICTION AND PARTIES

1. Plaintiff Lorri L. Briggs is an adult natural person and is a resident of Erie County, State of Pennsylvania.

   A. Plaintiff Lisa DeHaven is an adult natural person and is a resident of Erie County, State of Pennsylvania.

   B. Plaintiff Carrie Johnson is an adult natural person and is a resident of Erie County, State of Pennsylvania.

   C. Plaintiff Ellen Rydbom is an adult natural person and is a resident of Erie County, State of Pennsylvania.

   D. Plaintiff Eric Tetuan is an adult natural

1

person and is a resident of Erie County, State of Pennsylvania.

    E. Plaintiff Michele Vorberger is an adult natural person and is a resident of Erie County, State of Pennsylvania.

2. Upon information and belief Subaru of America Inc. is a New Jersey Corporation with its principle place of business located at One Subaru Drive Camden N.J..

3. This Court has subject matter jurisdiction pursuant to 28 USC 1332 (a) and 28 USC 1332 (d)

## FACTS

3.  New Motors Inc. located in Erie Pennsylvania is an authorized dealer and repair agent for Subaru.

4.  Subaru authorized New Motors Inc. to perform recall repairs on Subaru Automobiles.

5. 2009- 2013 Subaru Foresters; 2010-2014 Subaru Legacies and the 2010-2014 Subaru Outback all had defective Takata air bags installed and were subject to a recall notice.

6. Moreover, all these vehicles share a similar safety mechanism for deploying side-curtain airbags.

    A. Specifically, safety retaining clips to prevent interior trim from being turned into a projectile upon deployment of the airbag.

7. These retaining clips must be properly removed and properly replaced to prevent a dangerous safety hazard.

    A. Moreover, upon information and belief the recall repair instructions specifically require that any clips found to be damaged be replaced as part of the recall campaign.

8. The Plaintiffs are owners of a Subaru automobile that was subjected to the Takata airbag recall.

9. The Plaintiffs presented their automobiles to New Motors Inc. in Erie Pa for the air bag recall.

10. New Motors performed the air bag recall and returned the vehicle and represented the repair was performed to the specifications of the manufacturer.

11. However, the Plaintiffs later learned that New Motors to speed up the repair purposely cut/ and or reinstalled compromised retaining tethers on the A- pillar trim of the automobile and did not replace them.

   A. Specifically, Plaintiff Briggs' automobile was returned with a compromised passenger side tether;

   B. Plaintiff DeHaven's automobile was returned with a cut driver side tether and compromised passenger side tether;

   C. Plaintiff Johnson's automobile was returned with a compromised passenger side tether;

   D. Plaintiff Rydbom's automobile was returned with a cut passenger side tether and a compromised driver side tether;

   E. Plaintiff Tetuan's automobile was returned with a cut driver side tether;

   F. Plaintiff Vorberger's automobile was returned with a compromised driver side tether.

   G. Including the Plaintiffs' automobiles a random sample of 16 automobiles found 10 automobiles with either cut or compromised tethers.

12. The performance of a recall is a non-delegable duty imposed upon the manufacturer. As such Subaru is culpable for all actions taken by its agent New Motors Inc.

13. Plaintiff Tetuan put Subaru on notice of this dangerous practice however, the Defendant took no action to investigate and correct the dangerous behavior.

    A. Moreover, upon information and belief Subaru failed to properly supervise and train its agent New Motors Inc.

    B. Further, upon information and belief Subaru failed to supply its agent New Motors Inc. with a proper number of tethers to perform the recall and otherwise failed to ensure its agent had proper parts on hand to perform the recall.

    C. Finally, Subaru took no action to correct the problem after being placed on notice that New Motors was disabling a safety feature while performing the Takata air bag recall.

  14. The Plaintiffs suffered injury including but not limited to:

    A. Pecuniary loss to properly inspect and repair the dangerous condition.

    B. Stress and anxiety.

## CLASS REPRESENTATION ALLEGATIONS

  15. Plaintiffs bring this class action pursuant to the provisions of Federal Rule of Civil Procedure 23 on behalf of themselves and all other persons similarly situated.

  16. The Class that Plaintiffs seek to represent is defined as all owners of 2009- 2013 Subaru Foresters; 2010-2014 Subaru Legacies and 2010-2014 Subaru Outbacks that were presented to New Motors for replacement of front airbags.

  17. The Class Representative Plaintiffs are owners of a Subaru automobile with side curtain airbags that was presented to the Defendant for replacement of front airbags.

  18. Upon information and belief the class is believed so numerous that joinder of all members in one action is impracticable.

  19. Subaru has acted with respect to the Plaintiffs and the Class members in a manner generally applicable to each. There is

a well-defined community of interest in the questions of law and fact involved, which affect all class members. The questions of law and fact common to the class predominate over the questions that may affect individual class members, including the following:

    A. Whether the New Motors Inc.'s practice of cutting safety clips violated Pennsylvania State Law.

    B. Whether the cutting of safety clips on A-pillar trim when replacing front airbags was a widespread practice by New Motors Inc..

    C. Whether the New Motors Inc.'s practice of cutting safety clips requires that all vehicles that New Motors Inc. performed the recall be inspected for a faulty repair.

    D. Whether the Defendant has a duty to inform its customers of the dangerous repair.

    E. Whether the Plaintiffs are entitled to damages because of the dangerous and faulty repair.

20. The Plaintiffs automobiles either had their safety tethers improperly cut and/or compromised and had their vehicles returned to them with the representation that the recall was properly performed.

    A. Based upon the facts alleged in this complaint and the definition of the class the claims of the Plaintiffs are typical of the claims of the class members.

21. Other plaintiffs may elect to join this action upon such grounds as the Court may set and these individuals will have issues of law and fact that are common to all class members.

22. The Plaintiffs will fairly and adequately protect and represent the interests of each class member. Each is committed to vigorously litigating this matter given the safety issue the improper repair represents. Each is greatly concerned about the

unscrupulous actions of Subaru and wishes to see that the wrong is remedied.

23. The Plaintiffs have retained attorneys who practice almost exclusively in consumer litigation. As such the Plaintiffs' attorneys are qualified and will adequately protect the interests of the class.

24. Class treatment of this action is superior to other available methods for fair and efficient adjudication of this controversy and there will be no manageability problems with prosecuting the case as a class action.

25. The Class is readily definable, and prosecution as a class action will eliminate the possibility of repetitious litigation and will provide redress for claims too small to support the expense of individual, complex litigation. Absent a class action, Class members will continue to suffer losses, New Motors' violations of law will be allowed to proceed without a full, fair, judicially supervised remedy, and New Motors will benefit from their wrongdoing. A class action therefore provides a fair and efficient method for adjudicating this controversy.

26. The prosecution of separate claims by individual class members would create a risk of inconsistent or varying adjudications as a practical matter, dispose of the interests of the class members not parties to those separate actions or would substantially impair or impede their ability to protect their interests and enforce their rights.

27. The proposed Class satisfies the certification criteria of Federal Rule of Civil Procedure 23.

**COUNT I**
**FRAUD**
**CLASS AND INDIVDUAL CLAIM**

28. PLAINTIFFS incorporate paragraphs 1-27 as though fully restated and realleged.

29. Upon information and belief New Motors acting as Subaru's repair agent to increase profits engaged in a practice of cutting and/or reinstalling a compromised safety clip.

30. This action of cutting and/or reinstalling a compromised safety clip is specifically forbidden by Subaru's policy and creates a potentially deadly safety condition.

   a. However, despite having actual notice of its authorized agent's actions Subaru failed to act to correct the dangerous condition.

31. Despite knowing the recall repair was not properly performed New Motors returned the vehicles to the owners and represented that the recall repair was properly performed.

32. All such statements, actions and omissions were material and harmful to the Plaintiffs and class members.

33. At the time the statements, actions and omissions were made New Motors had knowledge that the statements were false because the New Motors knew it was engaging in a practice of cutting and/or installing compromised safety clips to speed up air bag repairs.

34. New Motors intended for the Plaintiffs and class members to rely upon the statements that the air bag recall was properly performed.

   A. New Motors intended to deceive the Plaintiffs and class members that is why when it was placed on notice of this dangerous practice neither took any action to correct and in fact New Motors retaliated against Plaintiff Tetuan by refusing to do business with him.

   B. Subaru is directly liable for the actions of its authorized agent and in fact adopted New Motors Inc.'s actions when it failed to investigate after receiving information about New Motors Inc.'s behavior.

35. The Plaintiffs in fact did rely upon these statements and accepted return of the automobile and continued to drive the vehicles while they were in a very dangerous condition.

36. The Plaintiffs and class members have suffered damages and loss in that each will need to have the repair inspected and if necessary, have the safety clips replaced.

### COUNT II
### UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW
### 73 P.S. 201-1 et seq.
### INDIVIDUAL AND CLASS CLAIM

37. PLAINTIFFS incorporate paragraphs 1-36 as though fully restated and realleged.

38. Plaintiffs are persons who purchased a good or a service primarily for personal, household or family uses such as transportation to and from work, household chores and for recreational trips.

39. Subaru is a person that recklessly, wantonly and willfully violated provisions of the Unfair Trade Practices and Consumer Protection Law by allowing its agent to:

    A. Engage in fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

    Specifically:

        i. Upon information and belief, Subaru's authorized agent New Motors Inc. knowingly and willfully cut and/or reinstalled compromised safety clips to speed up recall repairs and maximize profit.

        ii. New Motors Inc. accepted the Plaintiffs' automobiles for recall repair and represented to the Plaintiffs that the repair had been properly completed pursuant to manufacturer written instructions.

        iii. Upon information and belief, and

New Motors Inc. intended that the Plaintiffs and class members rely upon the statements, actions and omissions so it could increase profits from the repairs.

     iv.  The reliance upon this statement by the Plaintiff was justified as the safety clips are not readily visible and require the removal of interior trim pieces to view.

     v. The performance of a recall is a non-delegable duty of a manufacturer and thus Subaru is liable for the actions taken by New Motors Inc.. Moreover, Subaru expressly adopted the actions of New Motors Ince. When Subaru failed to investigate and protect its customers after learning of New Motors Inc.'s dangerous actions.

 40. Subaru is a person that recklessly, wantonly and willfully violated provisions of the Unfair Trade Practices and Consumer Protection Law by allowing its agent to:

  A.  Make repairs, improvements or replacements on tangible, real or personal property, of a nature or quality inferior to or below the standard of that agreed to in writing;

   Specifically:

    i.   Further, upon information and belief the recall repair protocols require that the safety clips remain in place and that damaged safety clips be replaced.

    ii.  New Motors specifically ignored this repair protocol by purposely cutting and/or reinstalling compromised safety clips.

    iii. As such the standard of repairs are below the standard agreed to in writing as directed by Subaru's policy.

    iv. Despite having direct knowledge that its agent was failing to adhere to proper repair policy Subaru took no action to correct the dangerous repair and protect its customers.

41. Plaintiffs and class members have suffered actual and ascertainable damages as result of Subaru's actions in recklessly, willfully and wantonly violating the act. Specifically:

   A. Including the cost to inspect and properly replace the safety clips.

42. The Plaintiffs and class members also seek injunctive relief requiring the Defendant to notify all class members to inspect and make all necessary and proper repairs to their vehicles.

43. The injunctive relief is necessary because the vehicles are in a dangerous condition and places the Plaintiffs and class members in jeopardy of serious bodily injury or death.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated in the State of Pennsylvania pray for relief in this Complaint as follows:

   A. For an order certifying that the action may be maintained as a class action, on behalf of the proposed Class and any Subclass(es) the Court may deem appropriate;

   B. Monetary damages, including but not limited to any compensatory, incidental or consequential damages commensurate with proof at trial for the acts complained of herein;

   C. For actual damages; trebled pursuant to 73 P.S. 201-9.2(a);

   D. For costs, interest and actual attorneys' fees; pursuant to 73 P.S. 201-9.2(a);

   E. For pre- and post-judgment interest on any amounts awarded;

   F. Injunctive relief requiring the Defendant inform all

class members of the faulty and dangerous repair and to inspect and performed all necessary and proper repairs related to the safety clips;

      G. Punitive damages;

      H. All other relief the Court deems just and appropriate.

## JURY DEMAND

    PLAINTIFF/S hereby demands trial by jury on all counts so triable.

*Kurt D. Mitchell J.D.*
_____
KDM Law Firm PLLC
KURT D MITCHELL J.D.
PA. BAR NO.: 205917
505 East Jackson Ste 204
Tampa FL 33602
PH: 941.465.9253
kmitchell@hoglaw.com