IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORRI L. BRIGGS, et al., <br> Plaintiffs | ) <br> ) C.A. No. 1:20-cv-67 <br> ) |
| v. | ) Richard A. Lanzillo <br> ) United States Magistrate Judge |
| SUBARU OF AMERICA INC., <br> Defendant | ) <br> ) ORDER ON PLAINTIFFS' MOTION <br> ) TO DISQUALIFY <br> ) ECF NO. 22 |

Pretrial proceedings in this case are before the undersigned on referral from United States District Judge Susan Paradise Baxter. Presently before the Court is Plaintiffs' motion to disqualify the undersigned. ECF No. 22. Plaintiffs' motion argues that the undersigned should have recused from this case because (1) counsel for the Defendant is an associate employed by the law firm where the undersigned practiced law before appointment to his current position, (2) on September 29, 2020, the undersigned entered an Order (ECF No. 21) granting Defendant's Motion for Leave to File a Reply Brief (ECF No. 16) that Defendant's counsel had filed on September 28, 2020, and (3) the Pennsylvania Department of State corporation website erroneously lists the undersigned as a current officer of his former law firm. Based on this last point, Plaintiffs' motion implied that the undersigned may maintain an undisclosed professional or economic interest in his former law firm. A video hearing was conducted on this matter on October 7, 2020.

The undersigned will address Plaintiffs' contentions in reverse order. Before doing so, however, a more general concern needs to be addressed. The Plaintiffs' motion could be read as making veiled accusations of the undersigned's bias in favor of the defendant or defense counsel. For example, the Plaintiffs found it "highly unlikely that Judge Lanzillo carefully analyzed his firm's appearance before him." ECF No. 22, p. 4. The Plaintiffs accuse the undersigned of not "carefully analyz[ing]" the impropriety of presiding over a case in which his former law firm represented a party. *Id.*, p. 6. And the Plaintiffs accuse the undersigned of creating a situation which "reeks of the

1

'old boy network' to 'the man on the street,'" and that the undersigned is privately "hiding" significant connections to his former law firm from the general public. *Id.*, p. 8. At oral argument, counsel for the Plaintiffs retreated from such statements, indicating instead that he was not accusing the undersigned of bias, but merely asserting that there was the appearance of impropriety. Regardless whether the Plaintiffs' assertions were of bias or the appearance of impropriety, they were based on erroneous information and as such are misplaced.

First, the undersigned resigned all positions formerly held at the law firm of Knox McLaughlin Gornall & Sennett, P.C. (Knox firm) before he accepted appointment to his current position on September 23, 2018. At the same time, the undersigned terminated all economic and professional interests and relationships he previously maintained with that firm. Any Pennsylvania Department of State record that failed to reflect the undersigned's disassociation from the Knox firm was inaccurate and erroneous and has since been corrected. *See* ECF No. 27-1. To the extent Plaintiffs imply that the undersigned maintains any professional or economic interest in the Knox firm, the implication is baseless and false and requires no further attention by the undersigned.

Second, Plaintiffs assert that the undersigned's Order granting Defendant's motion to file a reply brief is evidence of bias or favoritism towards Defendant's counsel or could be perceived as such. This assertion is also baseless. The undersigned routinely permits reply briefs. Indeed, the undersigned has never denied a party's request to file a reply brief. If a reply brief raises arguments beyond the scope to the moving party's original motion, the Court has the authority to strike offending portions of the brief or, on motion of the non-moving party, to permit the filing of a sur-reply.

As a related point, the Plaintiffs' motion also appears to assert that the undersigned showed bias in favor of Attorney Cox because the Court entered a text order at ECF No. 5 directing the parties to file their Magistrate Judge or District Judge option form immediately after Attorney Cox

entered his appearance. Plaintiffs' motion implies that this order was entered out of exuberance based on Attorney Cox's appearance. Counsel clarified at oral argument that the entry of that order was evidence that the undersigned failed to "respectfully, seriously consider" the appearance of impropriety of presiding over pretrial matters in cases where his former law firm represented a party. However, as they are stated, the Plaintiffs' concerns are misdirected. The Text Order read as follows:

> In accordance with the case management system in place in this district, this case has been assigned to the undersigned for all pretrial matters. Therefore, it is ordered that on or before June 5, 2020 the parties shall complete an election form either consenting to jurisdiction by the Magistrate Judge or electing to have a District Judge assigned to the case and shall file the form with the clerk's office. A copy of the form can be found on this court's website…

*See* ECF No. 5. The order goes on to provide a link to the Court's website. *Id.* The entry of this order, or its timing, does not reflect any bias of the undersigned in favor of the Defendant or its counsel. That order is instead a standard administrative order entered by a courtroom deputy in all counseled cases. The order is automatically entered after the last defendant's appearance has been docketed, consistent with the Court's case management system. As such the filing of that order has nothing whatsoever to do with the identity of any lawyer who has filed the appearance and has everything to do with the professionalism and efficiency of the Court's staff.

Finally, the undersigned has carefully considered his former position and association with the Knox firm and the appearance of one of its associate attorneys in this case. None of these circumstances will have any influence on the undersigned's consideration of any matter that may come before the Court. The undersigned considers and decides all matters before him based exclusively on the facts and the law and without regard to the identity of counsel. The two-year recommended recusal period has expired since the undersigned accepted his current position, and, after considering all relevant factors, the undersigned has determined that more than sufficient time has passed since his former association with the Knox firm to eliminate any reasonable implication

3

of bias or favoritism or any appearance of impropriety. *See, e.g., In re Polychloroprene Rubber (CR) Antitrust Litig.*, 2007 WL 521164, at *2 (D. Conn. Feb. 14, 2007) (two-year recommended recusal period).

In any event, all pretrial orders of the undersigned, including this Order, are subject to review on appeal by the United States District Judge, and all dispositive motions are addressed by report and recommendation to the District Judge.

Federal judges have an obligation to recuse themselves whenever their impartiality could reasonably be questioned, but they also have an obligation not to recuse themselves when circumstances do not require it. *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir.1988) ("A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is."). In this case, the undersigned has determined that recusal is neither required nor appropriate and therefore will deny Plaintiffs' motion.

Finally, the undersigned is obliged to note that while Plaintiffs' counsel accorded himself professionally during the hearing on this matter, he chose to lace his motion with sarcasm and baseless innuendo. Neither is an effective or professional form of advocacy.

AND NOW, this 7th day of October 2020, IT IS ORDERED that the Motion to Disqualify (ECF No. 22) is DENIED.

RICHARD A. LANZILLO
United States Magistrate Judge